# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11528
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NIKIE NICOLE FRYE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-121-3

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nikie Nicole Frye was convicted of conspiracy to possess with intent to distribute a controlled substance and was sentenced to 120 months of imprisonment and three years of supervised release. She contends that the district court clearly erred in imposing the U.S.S.G. § 2D1.1(b)(1) enhancement for possessing a dangerous weapon; the § 2D1.1(b)(12) enhancement for maintaining a premises for the purpose of distributing a controlled substance;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11528

and the U.S.S.G. § 3B1.1(c) enhancement for being an organizer, leader, manager, or supervisor. We AFFIRM.

1.    *Dangerous Weapon.* It is not necessary to show that Frye actually held a weapon when drugs were present. It is enough that a co-conspirator possessed the weapon and that such possession was reasonably foreseeable to Frye. *United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012). The Presentence Report (PSR) reflects a witness who saw Frye's boyfriend, Timothy Nimerfroh, in possession of a gun while Nimerfroh and Frye were in possession of methamphetamine. Other customers advised that Nimerfroh carried a gun during drug transactions. The district court did not clearly err in concluding that Nimerfroh's weapon possession in connection with the drug offense was reasonably foreseeable to Frye. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014)(reviewing application of this enhancement under clear error).

2.    *Maintaining a Premises.* We recently examined this enhancement, which we review for clear error, in the context of a defendant who claimed that the premises were not his. *See United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017). There, the defendant stored his drugs at another person's auto shop, paying for that privilege. We noted that this enhancement is "fact intensive" and that the absence of a formal rental agreement is not determinative. *Id.* at 264-65. Here, Frye admitted that Nimerfroh paid for motel rooms for her to use to conduct drug transactions. The district court did not clearly err in applying this enhancement.

3.    *Aggravating Role.* Frye relies on *United States v. Lewis*, 476 F.3d 369, 377 (5th Cir. 2007) to argue that her recruitment of Ashleigh Allen, who then participated for one month in distributing methamphetamine on behalf of the conspiracy, cannot support a "leader or organizer" role enhancement.

No. 16-11528

The particular part of *Lewis* upon which Frye relies[1] involved a challenge to a conviction under 21 U.S.C. § 848(c)(2)(A) for continuing criminal enterprise (thus involving a higher burden of proof) and concluded that evidence that Lewis "recruited" another participant was insufficient (particularly in the face of extensive contrary evidence of Lewis's role). However, there the "recruitment" consisted merely of Lewis, who was then in prison, telling another inmate, who was being released, about the methamphetamine trade in Odessa. Here, the PSR shows a much greater level of involvement by Frye and also includes evidence that Frye arranged for an additional supplier (Travis Cathey) for the enterprise. We conclude that the district court did not clearly err in this regard.

In sum, the district court did not clearly err in applying these enhancements. The judgment of the district court is AFFIRMED.

---

[1] Later on in *Lewis* the leadership sentencing enhancement was addressed, and we specifically noted the lack of evidence of recruitment as a factor in concluding the enhancement was inappropriate. *Id.* at 389. Indeed "recruitment of accomplices" in one of the factors noted in Comment 4 to U.S.S.G. § 3B1.1. *See also United States v. Nava*, 624 F.3d 226, 232-33 (5th Cir. 2010)(distinguishing *Lewis*).